**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NIKE IMORU,<br>　　　Plaintiff,<br><br>v.<br><br>AMERICAN REPERTORY THEATER<br>COMPANY, INC.,<br>　　　Defendant. | Civil Action No. 1:26-cv-11469-GAO<br><br>Leave to File Granted June 17, 2026 |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND AND
SUR-REPLY IN FURTHER OPPOSITION TO THE MOTION TO DISMISS**

Plaintiff Nike Imoru submits the following in further support of her Motion to Remand and further opposition to Defendant's Motion to Dismiss:

A.      No matter how many times A.R.T. says otherwise, Ms. Imoru's claim is not "based on" the CBA.  See ECF 19 at 2 ("rests on"), 3 ("based on," "inextricably tied to"), 4 ("central premise of"), 5 ("premised on"), 7 ("rests on").  It is based on A.R.T.'s c. 151B disparate treatment of her, which can be proven without interpretation of the CBA.  See LaRosa v. UPS, Inc., 23 F.Supp.2d 136, 145 (D. Mass. 1998); see also id. at 143 (employer conduct and motive are "purely factual" and not dependent on CBA interpretation).

B.      A.R.T.'s assertion that federal preemption must occur because "Imoru's claim can only be assessed by reference to the CBA," ECF 19 at 6 (emphasis added), underscores A.R.T.'s misunderstanding that mere reference to or consultation of a CBA does not demand preemption. See Fant v. New England Power Serv. Co., 239 F.3d 8, 15 (1st Cir. 2001).

C.      This case is not "clearly comparable" to Garcia v. United Parcel Service, Inc., because it does not require evaluation of multiple complex, CBA-specific factors. See 2025 WL 490805 at *5.

D.      The First Circuit in <u>Rose v. RTN Federal Credit Union</u>, 1 F.4th 56 (1st Cir. 2021) did not "squarely reject[]" that claims arising from statutory rights should be adjudicated independently of a CBA, but expressly recognized that the LMRA's "reach is not unlimited" and that substantive state statutory rights implicate independent questions. <u>See</u> <u>id.</u> at 61.

E.      A.R.T.'s effort to distinguish <u>Navarro v. U.S. Tsubaki, Inc.</u> miss that, as in <u>Navarro</u>, the "essence of [Ms. Imoru's] claim is that [A.R.T.] deprived [her] of statutory rights guaranteed by Massachusetts law" that "cannot be rendered permissible under any proper interpretation of a CBA." <u>See</u> F.Supp.2d 487, 500 (D. Mass. 2008) (citation omitted).

F.      A.R.T.'s repeated miscasting of Ms. Imoru's allegations is both wrong and unavailing. <u>See</u> <u>Rae v. Woburn Pub. Sch.</u>, 113 F.4th 86, 98 (1st Cir. 2024) (court on 12(b)(6) motion "must accept as true all well-pleaded facts indulging all reasonable inferences in [plaintiff's] favor.").

G.      A.R.T. asserts that its treatment of Ms. Imoru that caused physical harm cannot be discriminatory "adverse action" in employment despite A.R.T.'s own prior statements, recited in the Complaint, recognizing the physical harm that discrimination can cause and pledging to combat it for A.R.T. employees by, *inter alia*, learning how to work with actors' Black hair:

> 13.   Following the exposure of racism in the production of *Invisible Uganda* at the A.R.T. in 2014, A.R.T. Artistic Director Diane M. Paulus publicly apologized and committed the theater to an anti-racism pledge…. The resulting report described that it resulted from demands that the "leadership, staff, and board of *the American Repertory Theater at Harvard University … openly and loudly affirm that"* A.R.T. employees, including Black employees, "<u>are safe at work from racism and discrimination</u> and create programs in order to protect them." [emphasis added]

> 14.   The A.R.T. went on to trumpet its efforts to eliminate the harm caused by internal race-based discrimination, including specifically its *physical treatment of Black actors, noting in 2021 its commitment to training courses "for costumes and wardrobe staff to <u>learn more about working with Black hair</u> and makeup."* [emphasis added]

> Again, the Motion to Remand should be allowed and the Motion to Dismiss denied.

Dated: June 17, 2026

Respectfully submitted,

*/s/ Jody L. Newman*
Jody L. Newman (BBO #542264)
Justin P. O'Brien (BBO #658765)
Morgan A. Rosh (BBO #718033)
LOVETT O'BRIEN LLP
155 Federal Street, Suite 1300
Boston, MA 02110
Phone: 617-371-1035
Fax: 617-314-0447
jnewman@lovettobrien.com
jobrien@lovettobrien.com
mrosh@lovettobrien.com

<u>CERTIFICATE OF SERVICE</u>

I, Morgan A. Rosh, hereby certify that on this 17th day of June 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Morgan A. Rosh*
Morgan A. Rosh